CONDÉ *v.* VALKENBURGH.

*(Circuit Court, N. D. New York. July 15, 1889.)*

1. PATENTS FOR INVENTIONS—DESIGN FOR KNIT OVERSHIRT—NOVELTY.

Design letters patent No. 14,239, granted to complainant August 25, 1883, for a "design for a knitted overshirt," the claim of which is, "In a knit overshirt, the front and collar being of a different pattern than the body of the shirt, and the front ornamented by a lacing down the center thereof, substantially as shown," are void for want of novelty if the claim be construed as covering every design of that description, and not simply the particular pattern annexed.

2. SAME—INFRINGEMENT.

If the claim be limited to the design shown in the drawing, viz., a striped front, striped collar, and unstriped body, defendant's pattern, which presents a different appearance to the eye, though its front and collar are of a different pattern from the body, is not an infringement

In Equity. Bill for infringement of patent. Motion for preliminary injunction.

*George W. Hey,* for complainant.

*Esek Cowen,* for defendant.

BLATCHFORD, J. This is a motion for a preliminary injunction in a suit in equity brought by Swits Condé against J. M. Valkenburgh, for the infringement of design letters patent No. 14,239, granted to the plaintiff August 28, 1883, for seven years from that day, for a "design for a knitted overshirt." The specification says:

"The annexed drawing represents a knit overshirt, folded in the usual manner, to expose the front and collar thereof. My design consists. essentially, in the front, A, and collar, C, being of a different pattern than the body, B. The front, A, is further ornamented by a sham lacing, *a,* running down the center thereof, as shown."

The claim is as follows:

"In a knit overshirt, the front and collar being of a different pattern than the body of the shirt, and the front ornamented by a lacing down the center thereof, substantially as shown."

The drawing annexed shows a particular pattern to the eye, but the claim is not for that pattern. It is for every pattern or design where the body of the shirt is of one pattern and the front and collar are of another pattern, and the front is ornamented by a lacing down the center. It is doubtful whether so broad a claim is valid, because not a claim for a particular design, in the sense of the statute. Under section 4929 of the Revised Statutes the patent in question, if under any head, falls under that of an impression or ornament to be placed on or worked into an article of manufacture. There is no individuality to the eye in an impression or ornament unless one part of the article presents a different appearance from other parts; otherwise there is entire sameness, and with that there can be no impression or ornament or pattern. The claim, to be valid, must be a claim to a particular impression or ornament, of a particular configuration, or color, or pattern, and it must be so shown or described as to be identified. However this may be, it is shown that the broad claim of this patent is invalid; that shirts of various fabrics, each shirt having a body, a front, and a collar, were old; that shirts in which the front and the collar were of a different pattern from the body were in use before 1883; that before 1883 woolen shirts were made with linen fronts and collars, and cotton shirts with plain bodies and figured collars and fronts; that before 1883 woolen overshirts were made and sold and used in this country, having the front and the collar of a different pattern from the body of the shirt, and the front laced up with a cord; and that before 1883 woolen overshirts were made, sold, and used in the United States, in which the front and the collar were ornamented with various stripes, while the body of the shirt was plain, and the front was laced with a cord. This last arrangement is shown in letters patent of the United States granted to March Brothers, Pierce & Co., as assignees of Joseph G. Barker, February 7, 1882, on

an application filed December 12, 1881, for an improvement in shirts. The drawing annexed to the patent in suit shows a striped front, and a striped collar, and an unstriped body. This pattern has a given effect on the eye. Another shirt, having no stripes, may yet have the pattern of its body different from the pattern of its front and collar, and be a different design in fact from that shown in such drawing, and yet be within the terms of the claim of the patent. The particular shirt complained of as an infringement has no such appearance to the eye as the one shown in the drawing annexed to the patent, except that its front and collar are of a different pattern from the body; so that, if the claim were to be limited to the design shown in the drawing, and were to be held valid so construed, there would be no infringement. The motion is denied.